IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| KENNETH ERIC MCFARLAND, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| VS. | ) | No. 18-1014-JDT-cgc |
| SHANNON HUGHES, ET AL., | ) | |
| Defendants. | ) | |

ORDER TO MODIFY THE DOCKET,
DIRECTING PLAINTIFF TO COMPLY WITH 28 U.S.C. § 1915(a)(2)
AND TO FILE AN AMENDED COMPLAINT

On January 17, 2018, Plaintiff Kenneth Eric McFarland, Tennessee Department of Correction prisoner number 143947,[1] who is incarcerated at the Lois M. Deberry Special Needs Facility (SPND) in Nashville, Tennessee, filed a *pro se* complaint pursuant to 42 U.S.C. § 1985 and a motion for leave to proceed *in forma pauperis*. (ECF Nos. 1 & 2.)

Under the Prison Litigation Reform Act (PLRA), 28 U.S.C. §§ 1915(a)-(b), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a). Although the obligation to pay the fee accrues at the moment the case is filed, *see McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), *partially overruled on other grounds by LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down

---

[1] Plaintiff did not include his prisoner number on any of the documents sent to the Court. A search of the TDOC felony offender information website shows that the number is 143947; therefore, the Clerk is directed to MODIFY the docket to include Plaintiff's prisoner number to facilitate the delivery of his mail.

payment" of a partial filing fee and pay the remainder in installments. § 1915(b)(2). However, in order to take advantage of the installment procedures, the prisoner must properly complete and submit to the district court, along with the complaint, an *in forma pauperis* affidavit containing a current certification by the prison trust account officer and a copy of his trust account statement for the six months immediately preceding the filing of the complaint. § 1915(a)(2). In this case, Plaintiff's affidavit is not accompanied by a certified copy of his trust account statement. He must provide the Court with a copy of that document before his application to proceed *in forma pauperis* may be considered.

Furthermore, Plaintiff has, while he was incarcerated, filed at least three prior federal civil rights lawsuits that were dismissed for failure to state a claim or as frivolous.[2] Therefore, Plaintiff will not be allowed to proceed *in forma pauperis* unless he also demonstrates that his complaint falls within the "imminent danger" exception to 28 U.S.C. § 1915(g), which provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Thus, "[s]uch a litigant cannot use the period payment benefits of § 1915(b). Instead, he must make full payment of the filing fee before his action may proceed." *In re Alea*, 286 F.3d 378, 380 (6th Cir. 2002). The Sixth Circuit has upheld the constitutionality of this provision. *Wilson v. Yaklich*, 148 F.3d 596, 602-06 (6th Cir. 1998). The assessment of whether a prisoner is in imminent danger is

---

[2] *See McFarland v. Austin*, No. 2:04-CV-385 (E.D. Tenn. Jan. 4, 2005) (dismissed for failure to state a claim); *McFarland v. Inman*, No. 3:03-cv-00968 (M.D. Tenn. Oct. 20, 2003) (dismissed for failure to state a claim); and *McFarland v. Mullins*, No. 3:01-cv-00600 (E.D. Tenn. Jan. 31, 2002) (dismissed as frivolous).

made at the time of the filing of the complaint. *See, e.g., Vandiver v. Vasbinder*, 416 F. App'x 560, 561-62 (6th Cir. 2011); *Rittner v. Kinder*, 290 F. App'x 796, 797-98 (6th Cir. 2008); *Malik v. McGinnis*, 293 F.3d 559, 562-63 (2d Cir. 2002); *Abdul-Akbar v. McKelvie*, 239 F.3d 307, 312-16 (3d Cir. 2001) (en banc).

In this case, although Plaintiff submitted an official form for complaints brought pursuant to 42 U.S.C. § 1983, most of that form is blank. (ECF No. 1 at 2-3.) A separate page is attached which purports to be a complaint pursuant to 42 U.S.C. § 1985. (ECF No. 1-1.) Plaintiff's claim, in its entirety, states:

> Comes now the Plaintiff, Kenneth Eric McFarland, by and thru himself, pro se states the following: Shannon Hughes, Chief Jail Administrator accompanied by above said defendants did willfully, maliciously and deceitfully use conspiratorial act by himself and his co-conspirators in violation of 42 USCA 1985. It is therefore being respectfully inquired of abovesaid court to assign an official court date and case no. ____ so said matter can be brought before U.S. Magistrate James D. Todd . . . . Plaintiff, Kenneth Eric McFarland asks the Honorable Court to grant relief in the amount of $50.000.00 . . . .

(ECF No. 1-1 at 1.) No supporting factual allegations are provided.

Because the complaint contains no factual details to support his claim of a conspiracy, the Court cannot adequately determine whether Plaintiff is in imminent danger. Therefore, Plaintiff will be required to file an amended complaint.

Plaintiff is ORDERED to submit, within 30 days after the date of this order, both a copy of his inmate trust account statement for the last six months and an amended complaint. The text of the amended complaint must identify each defendant sued, set forth the specific causes of action that are asserted against each defendant, and allege sufficient facts to support each of those claims. If Plaintiff fails to comply with this order within the time specified, the Court will deny leave to

3

proceed *in forma pauperis*, assess the entire $400 filing fee[3] without regard to the PLRA's installment payment procedures, and dismiss the case without further notice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

                                            s/ **James D. Todd**
                                            JAMES D. TODD
                                            UNITED STATES DISTRICT JUDGE

---

[3] The civil filing fee is $350. *See* 28 U.S.C. § 1914(a). The Schedule of Fees set out following the statute also requires the Clerk to collect an administrative fee of $50 for filing any civil case. That additional $50 fee does not apply if a plaintiff is granted leave to proceed *in forma pauperis*.